**CENTRAL NATIONAL BANK,**
a National Banking
Association

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION and Federal Deposit Insurance Corporation as Receiver of First National Bank, Covington, Louisiana.**

**Civ. A. No. 89–4753.**

United States District Court,
E.D. Louisiana.

July 24, 1991.

James Burgess, Jr., Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, Fla., Robert Kutcher & Nicole Tygier, Bronfin & Heller, New Orleans, La., for Central National Bank.

Edward J. Gay, III and Shannon Holtzman, Liskow & Lewis, New Orleans, La., for F.D.I.C.

DUPLANTIER, District Judge.

The motion for summary judgment filed on behalf of defendant Federal Deposit Insurance Corporation, as Receiver of First National Bank, Covington, Louisiana was considered on memoranda. For the following reasons the motion is DENIED.

 Defendant urges that plaintiff's claims are barred under the *D'Oench* doctrine. *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corporation,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), has been interpreted as holding that:

> when a federally insured bank fails, borrowers from the bank may not later defend against collection efforts of a federal receiver by arguing that they had an unrecorded agreement with the bank.

*Kilpatrick v. Riddle,* 907 F.2d 1523 (5th Cir.1990). The doctrine as announced was limited; however, it has been expanded far beyond the facts of the original case.[1] I decline however, to expand the doctrine to preclude tort claims.

Plaintiff's claim is based on allegations that its president had a hidden financial relationship with First National Bank which resulted in numerous alleged breaches of his fiduciary duty to Central National. Such a claim sounds in tort. The *D'Oench* doctrine does not provide protection for tort claims. *Astrup v. Midwest Federal Savings Bank,* 886 F.2d 1057 (8th Cir. 1989).

> The *D'Oench, Duhme* doctrine simply forbids fabrication of fictitious assets for inclusion in the accounts receivable portfolio of regulated financial institutions tending to mislead and deceive bank examiners in their investigations to determine the financial condition of such institutions. That doctrine affords no protection against tort claims against a financial institution, whether for personal injuries to a motorist in a collision with an armored car bringing money to the S. & L. office, or for insider profits in a sale of securities violating Securities and Exchange regulations, or for fraudulently entering into transactions involving discriminatory interest rates....

*Id.* at 1059–1060.

The *D'Oench* doctrine serves two purposes.

> One purpose ... is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets.... A second purpose ... [is to] ensure mature consideration of unusual loan transactions by senior bank officials, and to prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure.

*Kilpatrick v. Riddle,* 907 F.2d 1523, 1527 (5th Cir.1990), citing *Langley v. FDIC,* 484 U.S. 86, 91–92, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987). Neither principle is served by application of the doctrine in this case.

Here, plaintiff does not seek to invalidate a bank asset, such as a note, which the FDIC relied on in valuing the bank's assets. "Certain claims, such as tort claims, might not appear in the books of a failed bank and yet easily be shown to be valid."

---

1. For a discussion of the expansion of the doctrine see *Vernon v. Resolution Trust Corporation,* 907 F.2d 1101 (11th Cir.1990).

*Vernon v. Resolution Trust Corporation,* 907 F.2d 1101, 1108 (11th Cir.1990). This suit may be compared to a suit on an open account. The fact that the FDIC was unaware of an outstanding open account does not prohibit the creditor from recovering from the FDIC the amount due.

I recognize that the conclusion which I reach may produce anomalous results. For example, one who purchases property for cash from a bank which later fails is in a better position vis a vis a *D'Oench* defense in a suit to set aside the sale than is one who executes a note with the failed bank to finance the purchase of the property from the bank. As to the purchaser who paid cash, there is no bank asset, (a promissory note), which the FDIC relied upon in calculating the assets of the failed institution.

The principle underlying the *D'Oench* doctrine is the "federal policy to protect [the FDIC] and the public funds which it administers against misrepresentations as to the securities and other assets in the portfolios of the banks which [it] insures or to which it makes loans." *Kilpatrick v. Riddle,* 907 F.2d at 1529, citing *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 457, 62 S.Ct. 676, 679, 86 L.Ed. 956 (1942). That policy does not bar all claims not evidenced by written instruments in the failed bank's records.